■ LOUISA ORIENTE, Respondent, v. VINCENT ORIENTE, Appellant.— Judgment, Supreme Court, New York County, entered on May 18, 1971, which directed defendant to pay alimony, child support and additional counsel fees, unanimously modified, on the law and the facts, to the extent of reducing the award of alimony to $100 per week; and, as so modified, the judgment is otherwise affirmed, without costs and without disbursements. On the present record, the award of alimony to the wife was excessive to the extent indicated. Concur — Nunez, J. P., Kupferman, Murphy, Steuer and Tilzer, JJ.

■ In the Matter of CHECK CASHERS ASSOCIATION OF NEW YORK, INC., Respondent-Appellant, v. WILLIAM T. DENTZER, JR., as Superintendent of Banks of the State of New York, Appellant-Respondent.— Judgment, Supreme Court, New York County, entered on July 8, 1971, in an article 78 proceeding rescinding certain regulations and for other relief, unanimously modified, on the law, to annul said rescission, and otherwise affirmed, without costs and without disbursements. The superintendent's elimination of special authorization for the extra telephone and telegraphic charges was in accordance with the statute. (See Banking Law, §§ 371, 372; 3 NYCRR 400.6 [a] [5].) In view of the changes in the nature of the check cashing business, the withdrawal of the regulation permitting such charges had a reasonable basis and could not be characterized as arbitrary or capricious. (*Matter of Howard* v. *Wyman,* 28 N Y 2d 434, 438; *Matter of Marsh* v. *Catherwood,* 13 N Y 2d 235, 239; *Matter of Fink* v. *Cole,* 1 N Y 2d 48.) Concur — McGivern, J. P., Murphy, McNally, Steuer and Tilzer, JJ.